**Adela PLEITES, Appellant,**

v.

**Andrew J. SERAFIN, Appellee.**

**Napolean MEJIA, Appellant,**

v.

**Andrew J. SERAFIN, Appellee.**

**Nos. 92–CV–56, 92–CV–57.**

District of Columbia Court of Appeals.

Submitted May 4, 1993.
Decided July 8, 1993.

**510**

Richard C. Deering, Washington, DC, was on the brief, for appellants.

No brief was filed for appellee. Michael A. Mays, Fairfax, VA, entered an appearance, for appellee.

Before STEADMAN and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Following the entry of judgment in favor of the landlord for non-compliance with a protective order, the tenants appeal the trial court's ruling granting the landlord a money judgment and granting summary judgment as to their counterclaims. They argue that these rulings impermissibly conflict with previous holdings of this court regarding the adjudication of landlord and tenant disputes. We agree and, accordingly, reverse.

The landlord initiated these actions seeking possession of two apartment units located at 1458 Columbia Road, N.W., for nonpayment of rent and a money judgment for arrearages. The tenants, in turn, counterclaimed seeking monetary damages, arguing, among other things, that numerous housing code violations rendered their leases void from the start, and breached their warranty of habitability. After appellants violated the trial court's protective order by failing to make two consecutive payments into the registry, the court entered an order striking appellants' pleadings and entering judgment for possession in favor of appellee. On appellee's motion, the trial court also granted summary judgment as to appellants' counterclaim and granted a money judgment in favor of appellee. It is these two latter rulings which are challenged on appeal.

■ When a tenant fails to abide by the dictates of a protective order, we will uphold the trial court's right to "strike the tenant's pleadings as they relate to the issue of possession and award judgment for possession to the landlord." *Davis v. Rental Assocs., Inc.*, 456 A.2d 820, 829 (D.C.1983) (en banc). What we do not sanction, however, is a trial court ruling which effectively "bar[s] the tenant from any right to pursue in the future an independent civil action for a claim for back rent paid that [the tenant] may have based upon alleged violations of the Housing Code extant on the premises during the time [the tenant] occupied the premises as tenant." *Id. See also Mahdi v. Poretsky Mgmt., Inc.*, 433 A.2d 1085 (D.C.1981).

■ Similarly, we cannot sanction a trial court's ruling which ignores the "due process considerations entitl[ing] the tenant to present relevant and material evidence as to the extent to which the rental contract figure should be abated—if at all—due to violations of the Housing Regulations which might have existed during her continued use and occupancy of the premises while the protective order was in effect."

*McNeal v. Habib,* 346 A.2d 508, 514 (D.C. 1975); *see also Davis, supra.* Once the possessory issue is decided, and a money claim remains, "the court must hold an evidentiary hearing to determine what portion of the payment otherwise due should be abated." *Habib v. Thurston,* 517 A.2d 1, 13 (D.C.1985) (citations omitted). We have insisted that "only after such a hearing may an order be entered disbursing the funds." *McNeal, supra,* 346 A.2d at 514. *See also Davis, supra.*

Applying these principles to the case before us, we find that the trial court erred by granting summary judgment as to appellants' counterclaims and by rendering a money judgment in favor of the landlord without an evidentiary hearing.

*Reversed.*